(51 Misc. Rep. 395.)

## In re JOERNS.

(Supreme Court, Special Term, New York County.   September 4, 1906.)

**1. CRIMINAL LAW—COMMITMENT TO AWAIT ACTION OF GRAND JURY—COMMISSION OF OFFENSE—PRIMA FACIE PROOF.**

A finding by a coroner's jury, on sufficient evidence, that one aided in an abortion on a person named, who died from septic peritonitis following the abortion, is prima facie proof of the commission of a criminal offense, authorizing a commitment to await the action of the grand jury.

**2. SAME—SUFFICIENCY OF COMMITMENT.**

A commitment to await the action of the grand jury, charging one "with having caused the death of" a person named, is defective, for causing the death of a person may not be a crime, under Pen. Code, § 180, declaring that homicide may be murder or manslaughter, or excusable or justifiable.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 502.]

**3. SAME—DISCHARGE OF PRISONER—DEFECTIVE COMMITMENT—STATUTES.**

Code Civ. Proc. § 2035, provides that, where it appears that a prisoner has been legally committed for a criminal offense, though the commitment is irregular, the court must make a final order to discharge him on his giving bail, if the case is bailable. A coroner's jury found, on sufficient evidence, that a prisoner was guilty of a bailable offense. The commitment to await the action of the grand jury was defective. *Held*, that the prisoner was not entitled to his absolute discharge, but the court was authorized to enter an order discharging him from imprisonment on his giving bail.

Application by Jacob Joerns, for a writ of habeas corpus, for his discharge from imprisonment under a commitment to await the action of the grand jury. Order discharging petitioner from imprisonment on giving bail granted.

Max Steinert (Edward Hymes, of counsel), for relator.

William Travers Jerome, Dist. Atty. (Robert S. Johnstone, Asst. Dist. Atty., of counsel), for defendant.

GIEGERICH, J.   The record shows that the coroner's jury, upon sufficient evidence, found that the prisoner aided and abetted in the performance of an abortion upon one Anna Schmidt by some person unknown, and that she died on July 21, 1906, from septic peritonitis following the abortion, and that thereupon the coroner held the prisoner in $10,000 bail to await the action of the grand jury. It thus appears that there was sufficient prima facie evidence of the commission of a criminal offense by the prisoner. The commitment, however, is irregular under the principle of the decision in People ex rel. Allen v. Hagan, 170 N. Y. 46, 62 N. E. 1086. There the charge was "a violation of section 351 of the Penal Code." The court held that, as that section enumerated several distinct acts, some of which are felonies and others of which are merely subject to civil penalties, the commitment was defective. Here the charge is "with having caused the death of Annie Schmidt." Now, causing the death of a person may or may not be a crime. Homicide by section 180 of the Penal Code is declared to be either murder, or manslaughter, or excusable homicide, or justifiable homicide, some of which are criminal and others not. The commitment being thus defective, it is urged by the counsel

for the prisoner that the latter must be discharged; but the provisions of section 2035 of the Code of Civil Procedure, as I construe them, do not sanction such a course. That section, so far as applicable, provides:

"If it appears that the prisoner has been legally committed for a criminal offense, or if he appears by the testimony offered with the return, or upon the hearing thereof, to be guilty of such an offense, although the commitment is irregular, the court or judge, before which or whom he is brought, must forthwith make a final order to discharge him upon his giving bail, if the case is bailable, or, if it is not bailable, to remand him."

The case of People ex rel. Allen v. Hagan, supra, relied on by the prisoner's counsel in support of the proposition that where the commitment is defective the detention of the person held thereunder cannot be justified, is clearly distinguishable from the present one. There the return merely stated that the relators were detained in custody under a warrant of commitment, which was set forth in hæc verba, and which constituted the whole return. The relators demurred in open court to the return, and the case was decided solely upon the sufficiency of the commitment. Here, however, the situation is entirely different; the return embracing not only the commitment, but the proceedings had before the coroner and a jury as well, from which it appears that the prisoner was legally committed for a criminal offense, the commission of which by him may be fairly inferred from the evidence. The prisoner did not demur to the return, but traversed it by denying that the coroner had jurisdiction to sign the commitment, averring that no formal complaint or information had been formulated against him, and by further denying that the evidence taken at the coroner's inquest established that a crime had been committed or that there was reasonable cause to suspect that the prisoner was guilty of such crime.

The prisoner is therefore entitled, pursuant to the above-cited provisions of section 2035 of the Code of Civil Procedure, to a final order discharging him from imprisonment upon giving bail in the sum of $5,000, which said sum I believe to be sufficient to secure his appearance to answer the charge above mentioned.